UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III and D.A.P., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:22-CV-759-JAR |
| ST. LOUIS COUNTY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Clint Phillips, III brings this action against St. Louis County for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the complaint, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court.[1] He filed the instant complaint pursuant to 42 U.S.C. §§ 1983 and 1985 against St. Louis County, alleging violations of his First, Fifth, and Fourteenth Amendment rights.[2] ECF No. 1 at 2-3.

---

[1] Based on a review of Court records, it appears that Plaintiff has filed almost forty cases in this Court since 2010. Only one of those cases made it past initial review under 28 U.S.C. § 1915(e)(2); however, that case was dismissed after Plaintiff failed to respond to a motion to compel and failed to appear for a hearing. *See Phillips v. Dunn*, No. 4:16-CV-1698-RWS (E.D. Mo. Oct. 31, 2016) (dismissed July 21, 2017) (appeal dismissed for lack of jurisdiction Sept. 6, 2018). All of Plaintiff's other cases were dismissed before service on any defendant for a variety of reasons, including failure to sign complaint, frivolity, failure to state a claim, lack of jurisdiction, and failure to prosecute.

[2] Plaintiff lists only himself in 'The Plaintiff(s)' section of the form complaint; however, in the caption he also lists "DAP et. el." as a Plaintiff. ECF No. 1 at 1-2. To the extent that Plaintiff is attempting to bring this complaint on behalf of his minor daughter as well as himself, this is not allowed. Standing is a jurisdictional requirement that can be raised by the Court sua sponte at any time during the litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A non-attorney, self-represented litigant (like Plaintiff) may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases

Plaintiff's allegations are disjointed and hard to decipher. He states that his claims stem from a "main case" which he identifies as "case no: 19SL-DR01278,"[3] but also "several other cases of similar affect," which Plaintiff does not identify. Plaintiff alleges Fifth and Fourteenth Amendment violations based on "no notice of hearing" and "familial association violation." *Id.* at 6. Plaintiff states that a St. Louis County Family Court held a hearing in November without providing him notice. It appears that this hearing pertained to custody of Plaintiff's minor daughter. Plaintiff asserts that his retained counsel in the matter poorly represented him to the extent of legal malpractice. Plaintiff was not granted any physical or legal custody of his daughter and he argues that this resulted from St. Louis County "systemically" discriminating against him based on an unnamed disability. *Id.* at 7. Plaintiff further claims that St. Louis County's "exchange center" violated his freedom of speech rights by "inappropriate[ly] limiting [his] conversation [with his daughter] so severely that … [there could be] little to none at all." *Id.* Finally, Plaintiff asserts that St. Louis County has "maliciously" deprived him of a relationship with his daughter in violation of his "familial association rights," his due process rights, and his "right to a quick and speedy trial in a divorce case." *Id.* at 8.

Plaintiff does not state what relief he seeks on the civil complaint he filed in this matter. *Id.* at 5. However, on the attached 'Civil Cover Sheet,' Plaintiff demands 16 million dollars. ECF No. 1-3.

---

personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel."). As such, Plaintiff has no standing to bring claims on behalf of "DAP et. el."

[3] Plaintiff attached an exhibit with this case number to his complaint. *See* ECF No. 1-1. The document titled "Judgment of Dissolution of Marriage" was issued by the St. Louis County Circuit Court on May 10, 2022 and contains Plaintiff's name as the Petitioner. Attached to it is a Child Custody Parenting Plan which grants legal and physical custody of Petitioner's daughter solely to his ex-wife. *Id.* at 6-9.

Finally, on his 'Original Filing Form,' Plaintiff states that this case is the same or substantially equivalent to another case he filed in this Court, *Phillips v. St. Louis County*, No. 4:22-cv-91-JMB (E.D. Mo. filed Jan. 24, 2022) (hereinafter "*STL County I*"). *See* ECF No. 1-2. On April 21, 2022, the Court dismissed Plaintiff's case in *STL County I* for failure to state a claim. *See id.* at ECF No. 5. In *STL County I*, Plaintiff also complained about a state court hearing with no notice, he also alleged violations of the Fifth and Fourteenth Amendment rights, and he also complained about his attorneys doing a poor job representing him.

## Supplement to the Complaint

On August 29, 2022, Plaintiff filed a supplement to his complaint titled "Caselaw in Support of Familial Association & Due Process Case." ECF No. 6. The supplement contains no argument but only a printout of a "Verdict and Settlement Summary" from a 2014 Iowa District Court case. *Id.* at 2-3 (citing *Wilbur v. LaFauce*, 2014 WL 12951920 (Iowa Dt. Ct. Feb. 5, 2014)). According to the Summary, the Iowa case involved the placement of a minor child in the foster system based only on an agreement signed by the noncustodial parent. The court "declared the use of voluntary foster care placement agreements signed by only one parent when the agreement interfered with the custodial rights of the other parent unconstitutional." *Id.* at 3. It is unclear how this case is persuasive here given that the facts alleged do not demonstrate that Plaintiff's daughter was placed in foster care or that Plaintiff has ever been his daughter's custodial parent.

## Discussion

To state a § 1983 claim against St. Louis County, Plaintiff must allege that a constitutional violation resulted from a County policy or custom. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). The instant complaint contains no such allegations. Also, even if Plaintiff had named his attorney as a defendant in his complaint, this action would still be subject to dismissal. Plaintiff does not allege, nor is it apparent, that his attorney acted

under color of state law, as necessary to state a § 1983 claim against the attorney. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff also purports to bring his complaint under § 1985. Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. In order to state a civil conspiracy under § 1985, a plaintiff must demonstrate "(1) that the defendants conspired, (2) with the intent to deprive him of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that he was injured or deprived of having and exercising any right or privilege of a citizen of the United States." *Mendoza v. United States Immigration & Customs Enforcement*, 849 F.3d 408, 421 (8th Cir. 2017). Plaintiff does not allege any facts supporting a conspiracy between any named parties.

Furthermore, to the extent that Plaintiff is seeking review of a Missouri state-court judgment, this federal district court lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the U.S. Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In this case, Plaintiff's claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma,* 74 F.3d at 162.

For all of these reasons, Plaintiff's complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and his

pending motion for appointment of counsel will be denied as moot. Plaintiff is warned that the filing of frivolous lawsuits is an abuse of the litigation process. Plaintiff is advised that if he continues to file such lawsuits the Court may impose restrictions on his ability to file such lawsuits, including the denial of his ability to proceed *in forma pauperis*. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *In re Tyler,* 839 F.2d 1290, 1292 (8th Cir. 1988).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of October, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE